IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  NO. 4:22-CR-020-GHD-JMV

NICOLE J. WATKINS  DEFENDANT

## MEMORANDUM OPINION DENYING
## DEFENDANT'S MOTION TO DISMISS INDICTMENT

Presently before the Court is the Defendant's motion to dismiss the Indictment [17]. The Government has filed a response in opposition to the motion. The matter is now ripe for review. Upon due consideration, the Court finds the motion is not well taken and should be denied.

On February 16, 2022, a federal grand jury returned a sixteen-count indictment against the Defendant for willfully aiding and assisting the filing of false and fraudulent tax returns for tax years 2015 and 2016 [1]. The subject returns were filed between January 21, 2016, and March 4, 2017, with seven of the sixteen returns having been filed on or before February 16, 2016, and with all of the subject returns having been filed prior to the respective April 15th due date in 2016 or 2017 [1].

The Defendant moves to dismiss the Indictment [17], asserting that the applicable statute of limitations expired relative to Counts 1, 3, 5, 7, 9, 13, and 15 prior to the return of the Indictment; the Defendant further argues the Indictment should be dismissed on due process grounds because the three-year Internal Revenue Service (IRS) document retention requirement had expired prior to the return of the Indictment and the Defendant therefore no longer possesses the subject records.

As for the Defendant's statute of limitations argument, 26 U.S.C. §§ 6531 and 6513 set forth a six-year statute of limitations for willfully aiding and assisting in the preparation of a false

tax return. As the Defendant notes, generally the statute of limitations begins running on the date the return is filed. *United States v. Habig*, 390 U.S. 222, 223 (1968). When a return is filed prior to the statutory deadline of April 15th in a given year, however, 26 U.S.C. § 6513 makes clear that the limitations period begins running on April 15th of the filing year; *i.e.*, if the subject return is filed early in the tax-filing year, such as in the case *sub judice* with respect to Counts 1, 3, 5, 7, 9, 13, and 15, the six-year limitations period does not begin running on the date of filing, but rather on April 15th of that year, the statutory filing deadline. *Habig*, 390 U.S. at 225; 26 U.S.C. § 6513.

Accordingly, the Court finds that all of the counts in the Indictment were returned by the grand jury before expiration of the statute of limitations. The subject returns were all 2015 tax year returns and were filed early in 2016, prior to the April 15, 2016, deadline. Accordingly, the limitations period regarding those returns did not begin to run until April 15, 2016, and the limitations period therefore did not limit prosecution of any of the subject counts until April 15, 2022, at the earliest, and the Indictment was returned on February 16, 2022, roughly two months prior to the expiration of the subject limitations period. Accordingly, the Court finds that the subject counts were returned during the limitations period and the Defendant's argument for dismissal on limitations grounds is without merit. Dismissal of the Indictment, or of any counts contained within the Indictment, on limitations grounds shall therefore be denied.

The Defendant further argues that dismissal of the Indictment is warranted because the pre-indictment delay violated her due process rights. The Defendant states that because the Indictment was not returned until after she destroyed the subject returns in compliance with the IRS' three-year retention period, she no longer possesses the necessary documents to support her defense.

The Court finds that this argument is likewise without merit. To show that a pre-indictment delay violated the Due Process clause, "a defendant must establish: (1) that the Government

2

intended to delay obtaining an indictment for the purpose of gaining some tactical advantage over the accused . . . or for some other bad faith purpose, and (2) that the improper delay caused actual, substantial prejudice to his defense." *United States v. Scully*, 951 F.3d 656, 668 (5th Cir. 2020). In the case *sub judice*, the Defendant concedes that she is "unable to attribute any bad faith intent on the part of the government," and has presented no evidence evincing an intent on the part of the government to delay the Indictment for the purpose of gaining a tactical advantage over the Defendant, which negates the first requirement under the *Scully* test [18]. Likewise, the Defendant has not demonstrated any actual, substantial prejudice. While the Defendant avers that she no longer possesses the subject tax returns or supporting documentation, the government states on the record that it has complied with its discovery obligations in this matter and that copies of all tax documentation that the government plans to rely on at trial have been provided to the defendant, with additional information made available for review [19]. Given these undisputed facts, the Court finds that the Defendant's due process rights have not been violated and that her argument that the Indictment should be dismissed on due process grounds is without merit. See, e.g., *United States v. Crouch*, 84 F.3d 1497, 1515 (5th Cir. 1996) (holding that to establish prejudice of due process rights based on lost documents, defendant must show that "the information . . . could not otherwise be obtained from other sources."); *United States v. Beszborn*, 21 F.3d 62, 67 (5th Cir. 1994).

For all the foregoing reasons, the Court finds that Defendant's motion [17] to dismiss the

3

Indictment should be denied.

    A separate order in accordance with this opinion shall issue this day.

    THIS, the 19th day of July, 2022.

                                          /s/ Glen H. Davidson
                                          SENIOR U.S. DISTRICT JUDGE