IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                             NO: 4:22CR20-GHD-JMV

NICOLE J. WATKINS                                           DEFENDANT

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND FOR CONTINUANCE OF TRIAL

Presently before the Court is the Defendant's motion to dismiss and for continuance of trial [29]. The Government has filed a response in opposition to the motion [31]. Upon due consideration, the Court finds that the motion is not well taken and should be denied.

On February 16, 2022, a federal grand jury returned a sixteen-count indictment against the Defendant for willfully aiding and assisting the filing of false and fraudulent tax returns for tax years 2015 and 2016. [1]. The trial, currently on its fourth setting, is scheduled to begin on February 6, 2023. On January 31, 2023, the Defendant filed the present motion to dismiss and for continuance of trial [29], arguing that the prosecution of the Defendant would violate the Double Jeopardy clause of the Fifth Amendment to the U.S. Constitution and, alternatively, requesting a continuance of the trial date due to the unavailability of Defendant's "co-counsel."

The Court first addresses the Defendant's argument in her motion to dismiss that prosecution of the Defendant would violate the Double Jeopardy clause. The Defendant states in the present motion that immediately prior to the Indictment in this case, the Defendant was authorized to enter a pre-trial diversion program in the Circuit Court of Sunflower County, Mississippi, pursuant to charges of alleged tax evasion. The Defendant claims that this state court charge of tax evasion arises from "substantially the same alleged offenses" as the Defendant's

federal court charge of fraud and false statements in violation of 26 U.S.C. Section 7206, and thus this Indictment must be dismissed on double jeopardy grounds.

No person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V. Double jeopardy concerns are implicated where a defendant is retried for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 413-15, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). To prevail on a double jeopardy claim, the Defendant first bears the burden to make a *prima facie* showing that the offenses charged in the state and federal indictments are the same offense under the *Blockburger* test. *United States v. Angleton*, 221 F. Supp. 696, 704 (S.D. Tex. 2002); see also *Blockburger v. United States*, 284 U.S. 299 (1932). "It is well established, however, that a defendant may be tried for the same criminal act or transaction in both state and federal venues without running afoul of the Constitution." *Smith v. United States*, 2008 WL 5396468 at * 5 (N. D. Miss. Dec. 23, 2008). An acquittal, or conviction, in state court under state law does not bar a prosecution in federal court under a federal law. *United States v. Logan*, 949 F.2d 1370, 1379-80 (5th Cir.1991); *United States v. Brown*, 551 F.2d 619, 620 (5th Cir.1977). In addition, the dual sovereignty doctrine permits state and federal governments to prosecute a defendant for the same offense without violating the double jeopardy clause. *Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019) (holding that "[T]wo offenses are not the same offence for double jeopardy purposes if prosecuted by different sovereigns.") (citing *Heath v. Alabama*, 474 U.S. 82, 92 (1985) (internal quotations omitted)); *United States v. Devine*, 934 F.2d 1325, 1343 (5th Cir.1991) (citing *United States v. Lanza*, 260 U.S. 377, 382, 43 S.Ct. 141, 142, 67 L.Ed. 314 (1922)).

The evidence presented by the Defendant allegedly showing that the charges in the state and the federal indictments are "substantially similar" is an order from Sunflower County,

Mississippi, Circuit Court authorizing the Defendant to enter a pre-trial diversion program [29]. This order simply denotes that the Defendant was charged with fraud by mail and tax evasion. The Defendant provides no argument that these charges were brought under federal law as opposed to state law, and indeed the Government has provided the Court with a copy of the state court Indictment, which shows that the charges in the state court matter were solely state law charges for mail fraud and tax evasion pursuant to Mississippi Code Annotation Sections 97-19-83 and 27-3-79. [*See* State Court Indictment, Doc. No. 31-1]. Meanwhile, the Defendant's charges in this federal court matter arise from Title 26, Section 7206 of the United States Code, and cover tax preparer fraud and false statements. Certainly, state charges of fraud by mail and tax evasion are entirely different charges with different elements than the federal charges of fraud and false statements.

Of course, the charges in state and federal court could both fall under the umbrella of fraud, but this does not automatically mean that the charges are identical or even similar. Even if all the charges were based on the same event or general circumstances, however, the Double Jeopardy clause does not protect the Defendant from both convictions. However, besides asserting that the charges "arise from substantially the same alleged offenses as those charged in the State Court[,]" the Defendant has provided no argument or evidence to support this claim, and thus the Defendant's double jeopardy claim has no merit. The Court shall therefore deny the Defendant's motion to dismiss the Indictment.

The Defendant, alternatively to dismissal, requests a trial continuance due to his "co-counsel's" alleged unavailability for trial on February 6, 2023. The Court first notes that only one attorney for the Defendant has made an appearance, Alsee McDaniel. The unnamed "co-counsel"

3

has not filed an entry of appearance in this case. The Court therefore does not consider his or her unavailability when deciding if a fourth continuance is warranted.

Factors the Fifth Circuit consider when reviewing a denial of a motion for continuance are: (1) "the amount of time available"; (2) "the defendant's role in shortening the time needed"; (3) "the likelihood of prejudice from denial"; (4) "the availability of discovery from the prosecution"; (5) "the complexity of the case"; (6) "the adequacy of the defense actually provided at trial"; (7) "the experience of the attorney with the accused"; and (8) the timeliness of the motion. *United States v. Sheperd*, 27 F.4th 1075, 1085 (5th Cir. 2022). The Court has taken into consideration the applicable factors and determined that a fourth continuance is not warranted.

Attorney Alsee McDaniel's first notice of appearance was on March 29, 2022, approximately one month after the Defendant's indictment and two weeks after the Defendant's arrest. McDaniel has been the sole attorney representing the Defendant from that time until the present day. The Fifth Circuit has upheld the denial of a motion for continuance where counsel was appointed only a week-and-a-half before trial, and as noted in this case, counsel has represented the Defendant since March of 2022. *Id.*

Further, the Defendant has requested, and been allowed, three prior trial continuances in this matter. These continuances were granted on April 1, 2022, July 26, 2022, and November 17, 2022. [14, 23, 26]. The Defendant has been solely responsible for the trial continuances in this case. The Defendant has also not alleged any reasons, besides the unavailability of "co-counsel," to justify another continuance. As discussed previously, the Defendant is unable to assert prejudice due to "co-counsel's" unavailability when there is no defense co-counsel in this case.

4

The Court cannot continue to postpone the trial date of this matter. The trial in this case shall commence with jury selection Monday February 6, 2023, at 9:00 A.M in the United States Federal Courthouse in Oxford, Mississippi.

ACCORDINGLY, Defendant's Motion to Dismiss and for Continuance of Trial [29] is DENIED.

SO ORDERED, this the 2nd day of February, 2023.

SENIOR U.S. DISTRICT JUDGE